[No. 49328-6. En Banc. August 11, 1983.]

LAURENCE M. CHADWICK, *Petitioner,* v. NORTHWEST AIRLINES, INC., *Respondent.*

*Sheila Malloy Huber* and *Joseph A. Blumel II*, for petitioner.

*James R. Dickens* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.*), for respondent.

BRACHTENBACH, J.—Petitioner brought suit alleging the respondent violated RCW 49.60.180(2) and (3) by discriminating against him on the basis of a physical handicap. The essential facts are set forth in the Court of Appeals opinion which affirmed a summary judgment for the respondent. *Chadwick v. Northwest Airlines, Inc.*, 33 Wn. App. 297, 654 P.2d 1215 (1982). We adopt the analysis and result of the Court of Appeals and affirm with additional comments.

To answer arguments raised in the petition for review and at oral argument, we supplement the factual recitation. It is clear that petitioner was not discriminated against because of a physical handicap. During a period of 4 years he worked only 43.3 percent of his scheduled workdays; his absences had nothing to do with his alleged physical handicap but related to various other ailments. In addition, his work performance was not satisfactory on a number of occasions, again unrelated to any claimed physical handicap. During his probationary period he had repetitive problems unrelated to any handicap. For example, he cashed a personal check in excess of company limitations, he was absent due to a strained muscle, he was allowed to

work with his arm in a sling after a water skiing accident and he had numerous errors in his required reports, such as invoices. He was allowed to take vacation time, one day at a time, upon short notice, to protect his employment schedule. He was allowed to trade workdays or shifts with fellow employees.

■ In short, the uncontested facts do not disclose any discrimination based upon a physical handicap. We emphasize that once the validity of the prior settlement agreement was established, the only question was whether it was fairly applied. It was so applied.

This result in no manner weakens the laudatory objectives of RCW 49.60. The settlement agreement did not waive claims for future discriminatory acts. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 51–52, 39 L. Ed. 2d 147, 94 S. Ct. 1011 (1973). Indeed it specifically and fairly stated that it would not set a precedent and that it was without prejudice on any future similar matters. If it had attempted to waive future discriminatory acts or if it had been unfairly applied, different issues would be present.

Based upon the reasoning of the Court of Appeals opinion and the uncontested facts, the petitioner simply does not have a case.

The Court of Appeals is affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.